In the Matter of BUSINESS STATISTICS ORGANIZATION, INC., Petitioner, against LAZARUS JOSEPH, as Comptroller of the City of New York, et al., Respondents.

First Department, December 20, 1948.

*Earl Q. Kullman* of counsel (*H. Maurice Fridlund* and *William A. Sheehan* with him on the brief; *Kirlin Campbell Hickox & Keating,* attorneys), for petitioner.

*Isaac C. Donner* of counsel (*Solomon Portnow* with him on the brief; *John P. McGrath, Corporation Counsel,* attorney), for respondents.

VAN VOORHIS, J. Services such as Babson's are often the only means whereby subscribers can obtain particular information of what is going on in the nation and in the world along certain lines in which they are interested. What is sold is the information and ideas purveyed. It requires stretching the imagination to bring these within any accepted definition of tangible personal property, against which alone the New York City sales tax is imposed (Administrative Code of City of N. Y., §§ N41–1.0, N41–2.0). Realizing that ideas and information are not corporeal personal property, schedule A of section N41–2.0 of the Administrative Code and the City Comptroller's rules and regulations specifically exempt, from the operation of the sales tax, moneys received from sales of newspapers and periodicals. The Babson reports would appear to fall within the definition of a periodical laid down in *Houghton v. Payne* (194 U. S. 88). They are published at stated intervals, each issue containing a variety of original articles by different authors devoted to a special class of subjects, and each issue indicates a relation to prior or subsequent numbers of a series. But if Babson's reports do not fall within that category owing to their so-called " confidential " nature, it is not perceived how they can be transformed into corporeal personal property so as to render their sale taxable, by declaring that newspapers and periodicals are not such.

However frequently the fact may be denied, the power to tax involves the power to destroy. Chief Justice MARSHALL's famous pronouncement in *McCulloch* v. *Maryland* (4 Wheat. [U. S.] 316, 429) has been confirmed and not disproven by the passage of time. It would seem to be a dangerous thing to subject the sale of these sources of information and advice particularly to a form of taxation which does not apply to the peddling of news or opinion in other fields, and thereby to render it possible to tax them out of existence. Although that was not the motive of the City Comptroller, to confirm his ruling herein would not only sanction a tax but also a discriminatory tax against the dissemination of particular kinds of information and the advocacy of certain points of view. If such a sanction were to be given, there would be no constitutional barrier to a graduated tax against financial or other types of newspapers or news services.

In *Matter of Moody's Investors Service v. McGoldrick* (280 N. Y. 581, affg. 254 App. Div. 726) this court and the Court of Appeals affirmed without opinion. The point was not raised, as it is here, that the comptroller's determination is based on a principle that could have the effect of an unlawful

attempt at censorship, contrary to the Federal and State constitutional guaranties of freedom of the press, freedom of speech, due process and equal protection of the laws. The comptroller had no such purpose, but that this phase is not unreal, is indicated by the statement of counsel for the respondents in the colloquy at pages 99–101 of the *Record,* that the " literary and cultural quality of the publication " bears upon whether its distribution is taxable. It is not within the province of a public officer to evaluate or to censor the cultural or sociological value of the unfettered circulation of facts and conclusions concerning these aspects of world and national affairs, not even for the reason that subscribers to financial services or chronicles desire to enlarge their knowledge of these subjects chiefly in order to make money in the markets. Respecting the importance of this point, see *Winters* v. *New York* (333 U. S. 507), *Esquire, Inc.,* v. *Walker* (55 F. Supp. 1015, revd. 151 F. 2d 49, affd. *sub nom. Hannegan* v. *Esquire, Inc.,* 327 U. S. 146), and *Grosjean* v. *American Press Co.* (297 U. S. 233).

The determination of the respondents assessing sales taxes, interest and penalties against petitioner should be annulled, with costs and disbursements to the petitioner.

GLENNON and SHIENTAG, JJ., concur; PECK, P. J., and COHN, J., dissent and vote to confirm on the authority of *Matter of Moody's Investors Service* v. *McGoldrick* (280 N. Y. 581, affg. 254 App. Div. 726).

Determination annulled, with $50 costs and disbursements to the petitioner.